STATE OF NORTH CAROLINA v. SAM JOHN PASSARELLA

No. 745SC756

(Filed 6 November 1974)

**Searches and Seizures § 4— search without warrant — second search at police station under warrant — legality**
    Where officers, on the basis of information received from a confidential informant, stopped the car in which defendant was riding and searched defendant and other occupants of the car in the rest room of a service station but found no controlled substances, and officers then received additional information from the informant that he had observed a controlled substance on defendant's person a short time before the automobile was stopped, a second search of defendant at the sheriff's department after the officers obtained a search warrant for his person, which revealed controlled substances on his person, did not violate defendant's constitutional rights against unreasonable searches and seizures.

APPEAL by defendant from *Tillery, Judge,* 1 April 1974 Session of Superior Court held in NEW HANOVER County. Heard in the Court of Appeals 15 October 1974.

Defendant was charged with possession with intent to distribute a controlled substance, cocaine, in violation of G.S. 90-95 (a) (1). Upon the jury's verdict of guilty, the trial judge imposed a sentence of not less than three years nor more than five years.

The State presented evidence which tended to show that law enforcement officers were advised by a previously reliable confidential informant that defendant had controlled substances in his possession; that on the basis of this information officers stopped an automobile in which the defendant was riding in Wilmington, North Carolina; that officers immediately conducted a strip search of defendant and all other occupants of the automobile in the rest room of a nearby service station but found no controlled substances; that following the search, officers received additional new information from the same confidential informant that he had observed a controlled substance on defendant's person a short time before the automobile was stopped; that on the basis of this new information officers took the defendant to the New Hanover Sheriff's Department where they obtained a search warrant for his person; and that officers conducted a second and more thorough search of defendant pursuant to the search warrant and found controlled substances on his person in violation of the law.

The defendant did not testify in this case nor offer any evidence. By way of cross-examination of the State's witnesses, however, defendant brought out evidence tending to show that of the three men who were in the automobile he was the only one served with a search warrant and that he was the only one who was carried to the jail and caused to be stripped of his clothing and his body searched; that the rest room in which he initially was searched was not a place of his own choosing; and, finally, that after he was taken to the Sheriff's Department, a considerable time period elapsed before the materials which were offered into evidence were discovered.

*Attorney General Carson, by Deputy Attorney General White and Assistant Attorney General Guice, for the State.*

*Burney, Burney, Sperry & Barefoot, by George H. Sperry, for defendant appellant.*

MORRIS, Judge.

Defendant's only assignment of error relates to the denial of his motion to suppress the evidence that was introduced at trial. He does not contest the validity of the original search, but argues that the subsequent search of his person violated his constitutional rights against unreasonable searches and seizures. Defendant maintains that in these circumstances officers had

the right *either* to search him immediately *or* take him to the courthouse, get a search warrant and then conduct a search. He argues that officers cannot be allowed to do both. We find no merit in this contention.

Defendant's broad assertion is unsupported by applicable law, nor do we feel such a rule should be the law. In our opinion, to require the officers to make such an election under these circumstances would place too heavy a burden on law enforcement officers in the detection and investigation of criminal conduct. We conclude it would be neither reasonable nor practical to bind law enforcement officers to an election.

Additionally, we note that on voir dire the trial judge in this case made extensive findings of fact and based on these findings concluded as a matter of law that the search of the defendant was valid. "These findings of fact by the trial judge are conclusive when, as here, they are supported by competent evidence." *State v. Bass*, 280 N.C. 435, 445, 186 S.E. 2d 384 (1972), and cases cited therein.

The trial judge's findings in this case support the conclusion that the officers had reasonable ground to believe that a felony had been committed by the defendant and that he might escape if he were not carried to the Sheriff's Department and a more extensive search conducted, the officer having testified and the court having found as a fact that because of the restricted area of the room and the size of the occupants, the body search conducted in the rest room was not a thorough search. The new or additional information received from the informer was additional reason for a more thorough search.

No error.

Judges HEDRICK and BALEY concur.